## W. C. Lobenstein v. Patrick McGraw.

1. Bill of Particulars; *Pleading in Justices' Courts.*  A bill of particulars need not be drawn with the same fullness and precision as a petition.  It is sufficient if the main facts are stated in a general way, and so that the defendant is not misled, but clearly informed of the nature of the claim against him.

2. Care; Negligence; *Use of One's Own Property.*  Every one engaged in any business or occupation must use reasonable precautions to prevent such business or occupation from working injury to others.  What are reasonable precautions, vary with the character of the business, and the place in which it is carried on.  A peculiar hazard calls for increased care; and the greater the risk, the more imperative the obligation.

### *Error from Leavenworth District Court.*

This was an action originally brought by *McGraw* before a justice of the peace, on a bill of particulars charging *Lobenstein* with negligence, and claiming damages therefor. The case was removed by appeal to the district court, and there tried at the December Term 1872.  *McGraw* had judgment for $75 damages, and costs of suit—from which judgment plaintiff in error brings the cause to this court. The facts are stated in the opinion.

*Clough & Wheat,* for plaintiff in error:

1. Section 72 of the justices' act in effect requires a state ment of a cause of action to be made in a bill of particulars, its language in that respect being similar in effect to § 84, and the 2d subdivision of § 87 of the code. Lobenstein objected to evidence because there was no claim under which a cause of action could be proven, and because there was no account sufficient to constitute a cause of action. These objections were well taken. There was not any cause of action stated by McGraw in his claim, account, or bill of particulars. We know of no reason why Lobenstein might not "allow a pile of buffalo hides exposed on a lot," and if, because thereof, McGraw's horse ran off, we submit that such facts would not constitute a cause of action, even if such running off ended in injury to that horse and a buggy. 19 Vt., 470; 1 Exch., 239; 6 Cowen, 189.

2. The evidence does not sustain the verdict. It was shown, (and it is known to all persons,) that some horses will scare at many things, some of them sometimes at buffalo hides; and we submit that McGraw took upon himself the chances of the horse scaring at ox, or buffalo, or wolf, or other hides, green or dry, wherever the same might be found, and assumed all risks and consequences of such scaring, himself, so far as his property was concerned.

3. The district court submitted the case to the jury on the theory and supposition of law in substance, to the effect that Lobenstein might lawfully have hides, and transport them from place to place on public streets and otherwise, without being liable if a horse should thereby be frightened; but that he might not lawfully pile them up on a lot where a horse could see or smell them, without being liable for any injury that should be occasioned because of a horse thereby being frightened. We submit such is not the law; but, that on the contrary, Lobenstein had a right, so far as McGraw is concerned, to pile hides on that lot. And further, we submit that the law of negligence had nothing to do with

this case, as mentioned by the court, and that the remarks on that subject, as far as they related to what the action was based on, were calculated to mislead the jury.

*Byron Sherry,* for defendant in error:

Defendant in error bases his action upon the ground of negligence, and claims that plaintiff in error was guilty of gross negligence in conducting his business. It is true that the practice of curing, drying, packing and baling buffalo hides is of itself lawful, yet defendant in error claims that plaintiff in error so conducted his said business as to cause the injury complained of. It is a well-settled principle of law that it is the duty of persons owning property which is or may become dangerous, to take such precautions as reasonable care would suggest, to prevent it from injuring persons who are rightfully in its vicinity. See Shearman & Redfield on Negligence, 641, and 29 Conn., 548.

In this case the plaintiff in error knew of the dangerous character of the business being carried on by him upon the vacant lot, and that buffalo hides were greatly calculated to frighten horses, yet he took no steps, used no precaution whatever, as he was legally and morally bound to do under the circumstances of the case, to prevent injury to his neighbors; but resting upon the theory that he was entitled to use his own property in his own way, without regard to the rights of others, he was willing to take the risk. A reasonably prudent man, upon seeing the dangerous character of his property, would naturally have felt bound to have taken some steps to prevent injury to his neighbors. The lot could have been fenced so as to have shielded the hides from the view of horses passing along upon the highway, without in the least interfering with the prosecution of the business carried on upon the premises. The plaintiff, disregarding his duty to the public, has preferred to have the matter settled by the courts. He had been frequently notified, and was fully apprised of the danger he was subjecting the public to.

The opinion of the court was delivered by

BREWER, J.: The first question presented by counsel for plaintiff in error in their brief is as to the sufficiency of the following bill of particulars:

"LEAVENWORTH, KANSAS.

W. C. Lobenstein, To Patrick McGraw, Dr.:

To damages sustained by allowing a large pile of buffalo hides exposed on the said Lobenstein's lot on the NE corner of Choctaw and Third streets, in Leavenworth city, on the 9th June 1872, thereby causing the said McGraw's horse to run off, and thereby damaging said horse, and the said McGraw's buggy, to the amount of $100.00."

It is not to be expected that a bill of particulars will be drawn with the same fullness and precision as a petition. Much of the business in justices' courts is done by the parties themselves, and not through the instrumentality of attorneys. It is well that this is so, for thus a convenient, expeditious and cheap method of settling minor disputes, and collecting small accounts, is furnished to all. The justices themselves are selected not on account of their legal knowledge, but because of their good common sense. The chief value of these tribunals, to the poorer classes at least, would be lost if the rules of pleading in them were made so technical and difficult that the services of an attorney were necessary in every case. In the case before us there is no possibility that the defendant was misled by the bill of particulars, or that he failed to understand fully the nature of the claim made against him. The court therefore did not err in holding it to be sufficient.

A more material question is as to the liability of the plaintiff in error for the injury. The facts are these: Lobenstein had been for a length of time in possession of the vacant lots on the corner of Third and Choctaw streets. These he was using for the purpose of curing, drying, packing and baling buffalo hides. They were not inclosed by any fence. Neither was anything done to protect the hides from exposure to the sight of passing animals. Several horses had been

frightened by these hides, and Lobenstein had been notified of the danger. On the day in question McGraw's horse, while being driven at an ordinary gait down Third street, took fright at the hides and ran away, causing the damage complained of. The uniform testimony was, that as a general thing horses are frightened at the sight of hides, some witnesses saying that green hides would, through smell and sight, scare horses more than almost anything else. The court after speaking of the right of a man to use his property as he pleases, and to pursue any lawful business in a lawful manner, summed up the case to the jury in these words: "Now, from what I have said you will understand that the defendant cannot be held responsible to the plaintiff in this action unless it affirmatively appear by the weight or preponderance of the testimony, first, that there is a peculiar tendency in the business he was engaged in, or rather for which he was using the lots in question, that induces fright in horses traveling the public streets in the vicinity, and unless it appears that he was aware of the fact; and also unless it appears that he failed to inclose his lot, or to shield or hide in a reasonable manner the robes or hides that he had exposed upon the lot from the view of animals in the street." Was there error in the instruction, or the verdict?

The business Lobenstein was engaged in was a lawful business, and he had a right to pursue it. But it does not follow therefrom that he had a right to pursue it in any manner deemed most convenient. *Sic utere tuo, ut alienum non lœdas*, expresses his rights, and measures his obligations. The amount of care which one engaged in any business must exercise, to prevent injury therefrom to others, varies with the character of the business, and the place in which it is carried on. All that can be said is, that he must exercise reasonable care. A railroad company must put forth more watchfulness and effort to prevent injury from its trains, than a teamster in driving his wagons. That which would be reasonable care in running trains away from any settlement, might be gross negligence when running through the crowded

42—11 KAS.

streets of a city. Reasonable care, therefore, being not an absolute, but a relative term, no statement can be made of the particular act or acts one must do to avoid any responsibility for injuries caused by the manner of conducting one's business. Lobenstein's right to use this lot is not more sacred than the right of the public to use the streets. No man has a right to block up the streets so as to prevent or endanger Lobenstein's access to or use of his lots. Neither has he any right to so cover his lots with robes and hides as to endanger the use of the street by the public, when by the exercise of ordinary and reasonable care such danger can be averted. In Shearman & Redfield on Neg., p. 641, § 590, the rule is thus laid down in reference to machinery, and it is equally applicable here: "It is the duty of every one owning or using machinery which is or may become dangerous, to take such precautions as reasonable care would suggest to prevent it from injuring persons who are rightfully in the vicinity. If for this purpose it is necessary to surround any part of such machinery with a fence, that must be done; and where machinery cannot be in that or any similar way prevented from doing any injury it must while in motion be watched by some person capable of warning others of their danger." We see no reason to question the correctness of the instruction, nor do we feel warranted in disturbing the verdict and judgment.

The judgment of the district court will be affirmed.

All the Justices concurring.