TOBIAS UNDERWOOD v. S. F. SCOTT.

1. MEDICAL SERVICES — *Sufficient Bill of Particulars.* A bill of particulars for medical services, which sets out the items of each visit and a general allegation that the plaintiff is a practicing physician, engaged in the practice of medicine, and has been so engaged for ten years last past, is sufficient.

2. EMPIRICISM, *Act to Prevent — Quack — No Recovery for Medicines.* Under chapter 68 of the Laws of 1870, "An act to protect the people of Kansas from empiricism and to elevate the standing of the medical profession," it is unlawful for a person to furnish medicine, as a practicing physician, unless authorized to practice medicine, in accordance with the provisions of the statute; and a person so furnishing medicine cannot recover in a civil action for medicine so prescribed, as a physician.

*Error from Crawford District Court.*

THE case is stated in the opinion.

*Van Syckel & Van Syckel,* for plaintiff in error.
*Fuller & Widby,* for defendant in error.

Opinion by GREEN, C.: This action was commenced in October, 1886, before a justice of the peace of Crawford county, by the plaintiff below, to recover twenty-five dollars and fifty cents, for medical services and medicine furnished. The bill of particulars alleged that the plaintiff was a regular practicing physician, engaged in the practice of medicine, and had been so engaged for ten years. A trial was had before the justice of the peace, and the case was appealed to the district

court, where a general demurrer was interposed to the bill of particulars, which was overruled by the court and excepted to by the defendant. At the August term, 1887, the case was tried by the court and a jury, and a verdict rendered for the sum of ten dollars. A motion was made for a new trial, which was overruled by the court, upon the plaintiff consenting that the verdict of the jury should be remitted to the sum of six dollars. Judgment was accordingly entered for the plaintiff for six dollars and costs. The plaintiff in error brings the case here for review.

The first contention of the plaintiff in errror is, the overruling of his demurrer to the bill of particulars of the plaintiff, claiming that the bill of particulars alleged only ten years' practice, at the time of the filing of the same, which was on October 23, 1886, while the services claimed to have been rendered by the plaintiff for the defendant were rendered in 1883 and a small portion in 1884; that the plaintiff's pleading showed upon its face that the services for which suit was brought, were rendered in violation of law. It does not appear from the record that any question was raised in the justice's court as to the sufficiency of the bill of particulars, and we are inclined to the opinion that it stated facts sufficient to entitle the plaintiff to recover. We think, under the rule laid down by this court for the construction of pleadings in justices' courts, the bill of particulars was good. (*Lobenstein v. McGraw*, 11 Kas. 645; *Kaub v. Mitchell*, 12 id. 57; *M. K. & T. Rly. Co. v. Brown*, 14 id. 560.)

We pass to the principal question in this case, whether the plaintiff was entitled to recover anything for the medicine furnished. This seems to be the vital question in this case, and the discussion of this question involves the construction of the statute passed in 1870, to prevent empiricism, which provides:

"That it shall be unlawful for any person within the limit of the state of Kansas, who has not attended two full courses of instruction and graduated in some respectable school of medicine, either of the United States or of some foreign country, or who

cannot produce a certificate of qualification from some state or county medical society, and is not a person of good moral character, to practice medicine in any of its departments for reward or compensation, for any sick person within the state of Kansas: *Provided*, That in all cases, when any person has been continuously engaged in the practice of medicine for a period of ten years or more, he shall be considered to have complied with the provisions of this act, and that where persons have been in continuous practice of medicine for five years or more, shall be allowed two years in which to comply with such provisions." (Gen. Stat. of 1889, ¶ 2450.)

The fact that the trial court required the plaintiff below to remit a part of the verdict of the jury, was evidently done upon the theory that the plaintiff was only entitled to recover for the medicine furnished, and upon this theory the court instructed the jury:

"I may say to you if you find from the evidence that the plaintiff in this action was not entitled to practice medicine, and that he has offered evidence for the purpose of showing that one-third of his bill to which your attention has been directed was for medicine, exclusive of the two-thirds for his services, then he may recover for the medicine, although you find he should not recover for his services."

Was this error? Was the furnishing of medicine alone, the practice of medicine in any of its departments, within the meaning of the statute cited above? The charge is made in the account, which is a part of the plaintiff's bill of particulars, "for visit and mileage," and also upon two different occasions, for medicine alone; and the evidence shows that about one-third of the charge was for medicine which the plaintiff below had actually furnished. Can the plaintiff recover for the medicine alone, having furnished it as an attending physician? The statute in question forbids anyone from practicing medicine for reward, or compensation, without having the qualifications prescribed therein. The object of this law, doubtless, was to prevent unauthorized and unqualified persons from practicing medicine in any of its branches. The right to practice the calling of a physician is, by this statute, taken from certain unqualified persons, and

the statute should not be so construed as to give a person the privilege of exercising a right which is in violation of any of its provisions. To hold that a person who furnished medicine, as a physician, could recover compensation for the medicine so furnished or prescribed, would, in our judgment, render the statute nugatory, and any unauthorized person might prescribe for a patient and simply charge for his medicine, and thus defeat the very object of the law. The practice of medicine may be said to consist in three things: First, in judging the nature, character and symptoms of the disease; second, in determining the proper remedy for the disease; third, in giving or prescribing the application of the remedy to the disease. If the person who makes a diagnosis of a case also gives the medicine to the patient, he is, in our judgment, practicing medicine within the provisions of the statute in question; and if unauthorized to practice, or is acting in violation of the provisions of the statute, he is not entitled to compensation for the medicine which he furnishes at the time, as a physician; and the instructions of the court which said to the jury that the plaintiff below could recover for the medicine furnished, though he might not have been entitled to practice medicine, was erroneous; and for this reason the judgment of the court below should be reversed.

As this construction of the law is decisive of this case, it is unnecessary to consider the other errors assigned by counsel in their brief.

We therefore recommend that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.