The judgment of the district court is affirmed.

All the Judges concurring.

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. THE BRYAN FRUIT COMPANY.

1. PLEADING AND PRACTICE—*Bill of Particulars—Amendment.* A claim in writing, which has been presented to a railway company accompanied by a letter explaining the full particulars of the transaction, charging it with the loss of 50 per cent. of 147 boxes of oranges and for a return of the freight paid it thereon, is sufficient to notify the railway company of a claim against it for damages caused by the negligence of said company in the transportation of said oranges; and when said claim has been filed before a justice of the peace as a bill of particulars, the plaintiff may, upon leave obtained from the court, file an amended bill of particulars setting out said damages and negligence, and does not thereby substantially change the claim against the railway company.

2. RAILWAY COMPANY, *Liability of—Statute Applied.* Paragraph 1250 of the General Statutes of 1889 governs the liability of a railway company for damages in this case, and the instructions given by the trial court herein are correct.

3. INSTRUCTIONS, *Properly Refused.* Where there is nothing in the pleadings or evidence upon which to base instructions asked for, it is not error to refuse to give them.

MEMORANDUM.—Error from Sedgwick district court; C. REED, judge. Action for damages to fruit in transit by The Bryan Fruit Company against the St. Louis & San Francisco Railway Company. Judgment for

plaintiff for $231.74. The defendant brings the case to this court. Affirmed. The material facts are stated in the opinion, filed October 23, 1895.

*A. A. Hurd,* and *F. W. Bentley,* for plaintiff in error. *Rohrbaugh & Rauch,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This action was originally brought in justice's court upon the following bill of partic-ulars :

"WICHITA, KAS., November 20, 1888.

"St. Louis & San Francisco Rly. Co.   Bought of Bryan Fruit Company, wholesale fruit, oysters, produce, and general commission merchants :

| | | |
|---|---|---|
| 147 boxes oranges, at $2.25 | | $330 75 |
| To loss on same, 50 per cent | | $165 38 |
| Freight on above, at 80 pounds per box, 5,880 pounds, at 67 cents per 100 pounds | | 39 40 |
| | | $204 78 |

"Car No. 3058, C. S. F.   Wichita claim No. 170."

Judgment by default was rendered on said bill of particulars for $209.25, and was by the defendant ap-pealed to the district court. By leave of the district court, the plaintiff filed the following amended bill of particulars, omitting title :

"The plaintiff, The Bryan Fruit Company, com-plains of the defendant, The St. Louis & San Francisco Railway Company, and says : That defendant is a corporation and a common carrier, and has a line of road running from Nichols junction into the city of Wichita, Sedgwick county, state of Kansas ; that said defendant undertook for hire to carry a car-load of fruit for plaintiffs from said Nichols junction to said city of Wichita, in the month of November, 1888 ; that plaintiff placed in the hands of defendant as such common carrier said car-load of fruit on the day and year last aforesaid, among which were 74 boxes of oranges, of the value of $165.38, which plaintiff de-livered to defendant in good condition and paid de-

fendant the sum of $39.40 as freight, in consideration of which defendant undertook and agreed to carry safely said oranges to said city of Wichita, and deliver the same to plaintiff in good condition; yet, nevertheless, defendant did not safely carry said oranges, and did not deliver the same to plaintiff in good condition; but the defendant negligently and carelessly permitted said oranges to heat and rot until the same were worthless to plaintiff, to plaintiff's damage $204.78. Wherefore, plaintiff prays judgment against defendant for the sum of $204.78 and interest thereon at 6 per cent. per annum from November 8, 1888, and costs of this action.''

The defendant moved to strike the amended bill of particulars from the files ''for the reason that the same changes the nature of the cause of action and is a different cause of action from that alleged in the original bill of particulars,'' which motion was by the court overruled. Trial was had before a jury on January 19, 1891, which returned a verdict against the defendant for $231.74. The defendant brings the case here for review, and in its brief alleges three assignments of error as follows: (1) That the court erred in overruling defendant's motion to strike from the files the amended bill of particulars; (2) that the court erred in its charge to the jury; (3) that the court erred in refusing to give certain instructions asked by the railway company.

Section 139 of the code reads as follows:

''The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense;

and when any proceeding fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment.''

The plaintiff clearly had a right to amend its bill of particulars unless it substantially changed its claim. The claim of the plaintiff is for damages to oranges, caused by the negligence of the defendant while shipping the same over its line of road. The question to be determined in considering this point, is whether the main facts constituting the cause of action are so stated that the defendant is clearly informed of the nature of the claim against it, and is not misled into supposing that it will be required to make a defense upon one cause of action or one transaction and by the amendment is required to defend as against another cause of action or another transaction.

''A bill of particulars need not be drawn with the same fullness and precision as a petition. It is sufficient if the main facts are stated in a general way so that the defendant is not misled, but clearly informed of the nature of the claim against him.'' (*Lobenstein v. McGraw*, 11 Kas. 645.)

'' It must be remembered that the pleadings in a justice's court are not to be subjected to the same strictness of construction as those in the upper courts. So that if the essential facts are stated in such a way that the defendant cannot be misled as to the real nature of the claim against him, the bill must be taken as sufficient.'' (*M. K. & T. Rly. Co. v. Brown.* 14 Kas. 560.)

In the case at bar the defendant could not have been misled as to the nature of the claim set forth in the bill of particulars. It appears that after the receipt of the shipment of oranges, and on November

Opinion of the Court.

20, 1888, The Bryan Fruit Company made out a bill against the railway. company, and it was probably made out on one of their bill-heads, as it contains the words "Bought of Bryan Fruit Co." It clearly states to said railway company that there was a loss of 50 per cent. on 147 boxes of oranges at $2.25 a box, and the freight at 80 pounds per box, or 5,880 pounds at 67 cents per 100 pounds. The evidence discloses the fact that this claim was presented to the ·railway company, and accompanied by the following :

Wichita Claim No. 170. "WICHITA, KAS., November 20, 1888.

"*Mr. C. R. Gray, Com'l Agent Frisco Rly., City :*
DEAR SIR — Enclosed we hand you our claim No. 3 for damage on 147 boxes oranges shipped with bananas in C. S. L. Car No. 3058 from New Orleans, November 5, and delayed by snowstorm on Frisco railway from November 8 till November 12, said damage being caused by delay.   There was a man in charge of car from Springfield to Wichita, who did all in his power to keep fruit from decaying, but it was impossible to ventilate car sufficiently to save oranges for such a length of time, without causing a total loss of the bananas by chilling.   The man would have gotten the car through without loss if the delay had not occurred.   The car was inspected thoroughly here upon its arrival by your representative, Mr. Mills. Kindly hurry the adjustment of the claim, and oblige,
Yours very truly,
$204.78        THE BRYAN FRUIT COMPANY.   ( B )
Commercial Office, Nov. 29, 1888.   St. L. & S. F. Rly., Wichita, Kas."

This bill seems to have been filed by the railway company as Wichita claim No. 170, and the payment refused.   The same bill which was presented to the railway company and payment thereof refused was by it returned to said Bryan Fruit Company, and was by said Bryan Fruit Company filed before the justice of the peace as its bill of particulars.   This bill of particulars seems to be very much like the one filed

before the justice of the peace in the case of *Lobenstein v. McGraw*, 11 Kas. 648, which is as follows:

"LEAVENWORTH, KAS.
"W. C. Lobenstein to Patrick McGraw, Dr.

"To damages sustained by allowing a large pile of buffalo hides exposed on the said Lobenstein's lot on the northeast corner of Choctaw and Third streets, in Leavenworth city, on the 9th of June, 1872, thereby causing the said McGraw's horse to run off, and thereby damaging said horse and the said McGraw's buggy to the amount of $100."

In commenting on said bill of particulars, Mr. Justice Brewer, in his opinion, says:

"It is not to be expected that a bill of particulars will be drawn with the same fullness and precision as a petition. Much of the business in justices' courts is done by the parties themselves, and not through the instrumentality of attorneys. It is well that this is so, for thus a convenient, expeditious and cheap method of settling minor disputes and collecting small accounts is furnished to all. The justices themselves are selected not on account of their legal kowledge, but because of their good common sense. The chief value of these tribunals, to the poorer classes at least, would be lost if the rules of pleading in them were made so technical and difficult that the services of an attorney were necessary in every case. In the case before us there is no possibility that the defendant was misled by the bill of particulars, or that he failed to understand fully the nature of the claim made against him. The court therefore did not err in holding it to be sufficient."

See, also, *Bogle v. Gordon*, 39 Kas. 31.

The defendant in the case at bar must have known the exact nature of the claim made against it. It was not misled in any way, and was enabled to prepare for a defense against the exact claim set out in the amended bill of particulars. It knew that the first

claim was for damages by reason of the loss of oranges, and that there was no claim that it had purchased any oranges from The Bryan Fruit Company; therefore the nature of the cause of action was not substantially changed. Substantial justice has been done, and the court below did not err in refusing to strike the amended bill of particulars from the files.

The second assignment of error, which is to the instructions given by the court, relates to the question of negligence of the railway company, and the plaintiff in error cites numerous authorities as to the liability of common carriers. All of them, however, are from the decisions of other states. The liability of railroads for damages in this state is laid down in ¶ 1250 of the General Statutes of 1889, which is as follows: "That railroads in this state shall be liable for all damages done to person or property, when done in consequence of any neglect on the part of the railroad companies." We have carefully examined all the instructions given, as well as the pleadings and evidence, and applying the above statute to them we find no error was committed by the court below in giving said instructions.

The third assignment of error, which is in refusing to give the instructions asked for by the railway company, is based upon the question of the negligence of the plaintiff. The evidence shows that the bookkeeper of The Bryan Fruit Company went to Springfield, Mo., to meet the car of fruit; that he examined the car from time to time and ascertained its temperature by means of a thermometer, and that he suggested to the conductor that the car should be sent to Neodesha and put into the roundhouse, where the ventilators could be used and the fruit saved. There is no evidence that the fruit was in his possession or

under his control ; neither is there any evidence as to why he was sent to meet the fruit. For all that appears to the contrary, he paid his fare both going and coming, and might have been sent for the sole purpose of ascertaining whether there was any negligence on the part of the railway company in transporting and caring for said fruit. There was nothing upon which to base instructions as to the negligence of the plaintiff, and hence it was not error to refuse to give said instructions.

The judgment of the district court will be affirmed.

All the Judges concurring.