[L. A. No. 15162. In Bank.—May 18, 1936.]

WILLIAM V. CHALMERS–FRANCIS et al., Appellants, v. DAGMAR A. NELSON et al., Respondents.

Le Roy Anderson, Frank L. Kostlan, Hartley F. Peart and Howard Hassard for Appellants.

Mott, Vallee & Grant, John G. Mott and Paul Vallee for Respondents.

Kenneth H. Gould, as *Amicus Curiae* on Behalf of Respondents.

WASTE, C. J.—Two practicing physicians and surgeons, on behalf of themselves and all other doctors, brought this injunction proceeding to restrain the defendant Nelson, a licensed and registered nurse employed by the defendant hospital, from administering general anesthetics in connection with operations. Such practice by the defendant is asserted to constitute the illegal practice of medicine, in violation of the Medical Practice Act. Judgment went for the defendants, and plaintiffs have appealed.

Appellants' arguments are directed to the proposition that defendants are illegally practicing medicine. Respondents contend that the Medical Practice Act is a penal statute, the violation of which will not be enjoined in the absence of a nuisance resulting therefrom. They cite and largely rely upon the recent case of *People* v. *Steele,* 4 Cal. App. (2d) 206 [40 Pac. (2d) 959, 41 Pac. (2d) 946] (hearing denied in this court), in which it was held that a mere violation of the Medical Practice Act does not constitute a nuisance warranting the issuance of an injunction in the absence of some showing that such asserted illegal practice of medicine is so conducted and carried on as to be injurious to public health, and therefore a nuisance. They overlook, however, the opinion of the District Court filed in denying a rehearing in the case, wherein that court, in distinguishing certain cases

cited on petition for rehearing, declared that "In those cases, holders of licenses to practice a profession were allowed to enjoin unlicensed defendants from practicing the same profession in competition with them. The cases are not in point on the question of the right of the state to enjoin such unlicensed practice." Appellants claim this language would seem to warrant the present type of action. Whether this be so or not is immaterial in this case. The judgment must be affirmed on the merits of the question at issue.

The findings, which are amply supported by the testimony in this case, show conclusively that everything which was done by the nurse, Dagmar A. Nelson, in the present instance, and by nurses generally, in the administration of anesthetics, was and is done under the immediate direction and supervision of the operating surgeon and his assistants. Such method seems to be the uniform practice in operating rooms. There was much testimony as to the recognized practice of permitting nurses to administer anesthetics and hypodermics. One of the plaintiffs' witnesses testified to what seems to be the established and uniformly accepted practice and procedure followed by surgeons and nurses, and that is that it is not diagnosing nor prescribing by the nurses within the meaning of the Medical Practice Act. We are led further to accept this practice and procedure as established when we consider the evidence of the many surgeons who supported the contention of the defendant nurse, and whose qualifications to testify concerning the practice of medicine in this community and elsewhere were established beyond dispute. That such practice is in accord with the generally accepted rule is borne out by the decided cases. (*Frank* v. *South*, 175 Ky. 416 [194 S. W. 375, Ann. Cas. 1918E, 682]; *Underwood* v. *Scott*, 43 Kan. 714 [23 Pac. 942].) While these two cases construe provisions of statute law specifically relating to the practices and duties of registered nurses, they are in agreement with the definitely established rule relating to the subject. (*Frank* v. *South, supra; In re Carpenter's Estate*, 196 Mich. 561 [162 N. W. 963].)

Aside from the proposition that nurses in the surgery during the preparation for and progress of an operation are not diagnosing or prescribing within the meaning of the Medical Practice Act, it is the legally established rule that they are but carrying out the orders of the physicians to whose

authority they are subject. The surgeon has the power, and therefore the duty, to direct the nurse and her actions during the operation. (*Armstrong* v. *Wallace,* 8 Cal. App. (2d) 429, 439 [47 Pac. (2d) 740] ; *Schloendorff* v. *Society of New York Hospital,* 211 N. Y. 125 [105 N. E. 92, Ann. Cas. 1915C, 581, 52 L. R. A. (N. S.) 505].)

The judgment is affirmed.

Conrey, J., Curtis, J., Langdon, J., and Thompson, J., concurred.

Rehearing denied. Curtis, J., and Langdon, J., voted for a rehearing.